UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv555

| | |
|---|---|
| JOE N. BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LANESBORO CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No. 1); and Petitioner's Application to Proceed in Forma Pauperis (Doc. No. 2).

**I.    PROCEDURAL BACKGROUND**

On June 16, 2009, a jury convicted Petitioner of felonious breaking or entering, larceny after breaking or entering, possession of drug paraphernalia, and having attained habitual felon status. North Carolina v. Brown, 699 S.E.2d 140 (Table), 2010 WL 3465675, at *1 (N.C. App. Sept. 7, 2010). The Superior Court of Mecklenburg County sentenced Petitioner to a term of 135 to 171 months imprisonment. Id. On appeal, Petitioner argued only that his sentence as a habitual felon was so disproportionate to his crimes that it violated his Eighth Amendment right to be free from cruel and unusual punishment. Id. at *2. However, the North Carolina Court of Appeals found no error in either Petitioner's convictions or sentence and affirmed each. Id.

Petitioner did not seek any further review in State court. (Doc. 1 at 2). Rather, he has filed the instant federal Petition arguing, for the first time, that the evidence was insufficient to sustain

his convictions for everything except the drug paraphernalia offense. (Id. at 5 and 7).

## II. STANDARD OF REVIEW

Pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, district courts are directed to promptly examine federal habeas petitions and any attached exhibits in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. 28 U.S.C.A. foll. § 2254. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion. See id. Following such directive, this Court has reviewed the instant Petition and determined that it must be dismissed without prejudice for Petitioner's failure to exhaust his claims in State Court.

## III. DISCUSSION

As noted above, Petitioner appealed to the State Court of Appeals arguing that his sentence constitutes cruel and unusual punishment. Brown, 2010 WL 3465675, at *2. The instant federal Petition does not raise that Eighth Amendment claim; rather, Petitioner is now raising two claims challenging the sufficiency of the evidence that was introduced against him.

Section 2254 provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) and (B). This exhaustion requirement reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal

quotation marks and citation omitted). In order "[t]o provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). In light of this requirement, a federal court may consider only those issues which were fairly presented to the state court. See Picard, 404 U.S. at 275-76. In this case, the record is clear that Petitioner's current claims were never presented to the State court. Therefore, they are unexhausted.

Furthermore, Petitioner can return to the State court to exhaust these claims. One of the two ways in which North Carolina allows petitioners to exhaust their claims is through collateral post-conviction proceedings. In such instances, a petitioner may exhaust his judicial remedies by presenting his claim to the trial court in a motion for appropriate relief and then to the State Court of Appeals in a petition for a writ of certiorari. Cobb v. Lee, 944 F.2d 901 (Table), 1991 WL 179081, at *2 (4th Cir. Sept. 13, 1991). Moreover, a motion for appropriate relief that alleges that a conviction was obtained in violation of the Constitution of the United States may be filed at any time after entry of the judgment of conviction. N.C.G.S.A. § 15A-1415(b)(3). Here, Petitioner's claims challenge the sufficiency of the evidence; therefore, they arise under the federal Due Process Clause and can still be raised in a motion for appropriate relief. See Pope v. Netherland, 113 F.3d 1364, 1368 (4th Cir. 1997) (noting that a "challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction.") (citation omitted).

Based upon the foregoing, the Court cannot conclude that there is no State corrective process available to Petitioner, or that there are any circumstances that make that process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1(B). Ultimately, therefore, Petitioner's non-exhaustion

3

cannot be excused.

Finally, Petitioner's in Forma Pauperis (IFP) Application reflects that he is an inmate and has neither income nor expenses. The Application also reflects that Petitioner has no money in his inmate trust account. Accordingly, the Court will grant Petitioner's IFP Application and waive the $5.00 filing fee for this matter.

## IV. CONCLUSION

Petitioner has failed to exhaust his judicial remedies with respect to his challenges to the sufficiency of the evidence presented against him, and the Court has found no basis for excusing his non-exhaustion. Therefore, the instant Petition must be dismissed without prejudice to Petitioner's right to re-file his claims after they are exhausted.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Application to Proceed in Forma Pauperis (Doc. No. 2) is **GRANTED**;

2. Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED without prejudice** to his right to re-file his claims after he fully exhausts the remaining State judicial remedies for them; and

3. Petitioner is cautioned that should he choose to re-file his claims with this Court, he must do so within the time limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. § 2244(d)(1) and 2.

**SO ORDERED.**

Signed: November 15, 2010

Robert J. Conrad, Jr.
Chief United States District Judge